UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-408(DSD/HB)

United States of America,

       Plaintiff,

v.                                                  **ORDER**

Akram Hameed Muhammad,

       Defendant.

    Nathan P. Petterson, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Matthew J. Mankey, Esq. and Mankey Law Office, 5500 Wayzata Boulevard, Suite 1025, Golden Valley, MN 55416, counsel for defendant.

This matter is before the court upon the motion for new trial and evidentiary hearing by defendant Akram Hameed Muhammad. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On April 29, 2015, a jury convicted Muhammad of being a felon in possession of a firearm, as charged in count 1 of the indictment. He has not yet been sentenced. On May 29, Muhammad filed the instant motion, alleging that the jury's deliberations may have been influenced by extraneous information. Muhammad relies on five affidavits filed by his mother, ex-significant other, sisters, and brother, in which they detail alleged improper

communications between a juror and her husband, who attended the entire trial. The affidavits assert that the juror's husband took notes during the trial, stared at Muhammad's family, and eavesdropped on a conversation between defense counsel and Muhammad's family. The affidavits also allege that the juror and her husband listened to a conversation among Muhammad's family members during lunch on the second day of trial and that they whispered to each other during their eavesdropping. See ECF Nos. 49-53. Two of the affidavits also state that the juror smiled at and nodded to her husband after deliberations were completed, but before the verdict was published. ECF Nos. 49 ¶ 10, 51 ¶ 6. The affiants interpreted this conduct to mean that the juror was communicating to her husband that the verdict was consistent with what the couple had discussed. ECF Nos. 49 ¶ 12, 51 ¶ 6. Muhammad seeks a new trial based on the information contained in the affidavits or, at a minimum, an evidentiary hearing to explore whether the jury's decision was affected by extraneous influence.

**DISCUSSION**

In determining whether juror misconduct occurred and whether such misconduct warrants a new trial, a court may only consider evidence admissible under Federal Rule of Evidence 606(b)(1), which provides:

> [A] juror may not testify about any statement occurring during the course of the jury's deliberations or the

   effect of anything upon that or any other juror's mind or
   emotions as influencing the juror to assent or dissent
   from the verdict ... or concerning the juror's mental
   processes in connection therewith ....

Rule 606(b)(2)(B), however, permits a juror to testify regarding whether "outside influence was improperly brought to bear on any juror[.]" Outside influence includes "third-party communications regarding the substance of the trial ...." United States v. Caldwell, 83 F.3d 954, 956 (8th Cir. 1996).

  The court has "broad discretion in managing juror misconduct allegations[.]" United States v. Wintermute, 443 F.3d 993, 1002 (8th Cir. 2006). An evidentiary hearing is warranted only where a party "raise[s] a colorable claim of outside influence[.]" Id. "Speculation and unsubstantiated allegations do not present a colorable claim of outside influence of a juror." Id. at 1003; see also United States v. Tucker, 137 F.3d 1016, 1030–31 (8th Cir. 1998) (noting that a party is entitled to a hearing if he "shows that outside contact with the jury presents a reasonable possibility of prejudice to the verdict").

  There is no colorable evidence of outside influence in this case. As an initial matter, the juror's husband did nothing wrong by attending trial, which was fully open to the public. Further, the affidavits contain nothing more than pure speculation as to what the juror and her husband may have talked about when together. It is equally, if not more plausible, that the juror and her husband discussed innocuous matters, particularly in light of the

court's repeated caution to the jurors not to discuss the case with others.  See United States v. Goodner Bros. Aircraft, Inc., 966 F.2d 380, 384 (8th Cir. 1992) ("A jury is presumed to follow the instructions given to it by the court.").  The affidavits contain no specific information to the contrary.  Specifically, the affidavits do not indicate the nature of the husband's notes, the content of the conversation with counsel that he allegedly overheard, the content of any communications between the juror and her husband, or the content of the conversation among Muhammad's family that the juror and her husband allegedly overheard.  The court also notes that affiant Kaleem Muhammad's claim that the juror and her husband eavesdropped on a family conversation while at lunch during the second day of trial, ECF No. 53 ¶ 5, lacks credibility because the jury was in deliberations at that time. ECF No. 38.  Absent more, the court cannot conclude that an evidentiary hearing or new trial is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for new trial and evidentiary hearing [ECF No. 48] is denied.

Dated:  July 7, 2015

                                              s/David S. Doty  
                                              David S. Doty, Judge  
                                              United States District Court