UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-408(DSD/HB)

United States of America

        Plaintiff,

v.                                                       **ORDER**

Akram Hameed Muhammad,

        Defendant.

> Nathan P. Petterson, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.
>
> Akram Hameed Muhammad, Reg. No. 18321-041, U.S. Penitentiary, Florence - High, P.O. Box 7000, Florence, CO 81226, defendant pro se.

This matter is before the court upon the pro se motion by defendant Akram Hameed Muhammad to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

On April 29, 2015, a jury convicted Muhammad of being a felon in possession of a firearm, as charged in count 1 of the indictment. The Presentence Investigation Report (PSR) concluded that the total offense level was 22, Muhammad's criminal history placed him in criminal history category V, and that the resulting

guidelines range was 77-96 months. PSR ¶¶ 13-14, 22, 43, 92. The court adopted the PSR in its entirety and sentenced Muhammad to 96 months' imprisonment. ECF No. 69. In doing so, the court denied the government's motion for an upward variance. See ECF No. 62.

Muhammad appealed his sentence to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed. United States v. Muhammad, 819 F.3d 1056 (8th Cir. 2016). Muhammad then filed a petition for certiorari with the United States Supreme Court, which was denied on October 6, 2006. ECF Nos. 85, 86.

On May 15, 2017, Muhammad filed this motion under § 2255, arguing that his constitutional rights were violated because his counsel was constitutionally ineffective during plea negotiations.

## DISCUSSION

**I. Application for Writ of Habeas Corpus**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted

2

as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because the allegations do not support a finding that Muhammad's counsel was constitutionally ineffective.

**II. Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel based on the plea negotiation process, Muhammad must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Muhammad must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. The right to effective assistance of counsel "extends to the plea-bargaining process such that 'if a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.'" Allen v. United States, 854 F.3d 428, 432 (8th Cir. 2017) (quoting Lafler v. Cooper, 566 U.S. 156, 168 (2012)). Muhammad "must demonstrate a substantial

3

likelihood that (1) he would have accepted the offer to plead pursuant to the earlier proposed terms, (2) neither the prosecution nor the trial court would have prevented the offer from being accepted, and (3) the plea terms would have been less severe under the judgment and sentence that were actually imposed." Id.

Muhammad argues that his counsel was ineffective because he failed to independently calculate the projected advisory guideline range and advised Muhammad to reject the government's plea offer, which was based on an incorrect computation of his criminal history score. According to Muhammad, the government offered a 102-month sentence in exchange for a plea of guilty. ECF No. 87, at 4a; Muhammad Aff. ¶ 4. Muhammad's counsel persuaded him not to take the offer, however, because he said that the case was "winnable" and the maximum possible penalty was 120 months, just 18 months above the plea offer. Muhammad Aff. ¶¶ 5-6. After trial, the PSR calculated the guideline range to be 77-96 months. Id. ¶ 9; ECF No. 70, at 1. Muhammad's counsel told him that the government's plea offer was based on an incorrect criminal history calculation, which he had not independently confirmed. Muhammad Aff. ¶¶ 10-12. Muhammad contends that he would have accepted the government's plea offer had he known the correct guideline calculation because he believes he would have received an additional three-level decrease for acceptance of responsibility, which would have resulted in a guideline range of 55-71 months. Id. ¶ 13. Alternatively,

Muhammad argues that had his counsel corrected the calculation, the government would have offered him a better plea deal, which he would have accepted. ECF No. 87, at 6.

Muhammad fails to meet the Strickland standard. Even if his counsel's performance was somehow deficient, Muhammad cannot establish the requisite prejudice. His assertion that he would have accepted the government's plea offer rather than proceed to trial is conclusory and unsupported by the record. First, Muhammad has maintained his innocence through trial, in post-trial motions, on appeal, and during these collateral proceedings. There is no credible evidence that Muhammad would have admitted guilt prior to trial. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (affirming denial of 2255 motion and request for evidentiary hearing where the record was "completely barren of any evidence" that defendant "would have acknowledged his guilt prior to trial"). Second, his theory that he would have faced 55-71 months if he had agreed to the plea offer is purely speculative. The alleged offer was for 102 months, not the lower range Muhammad now suggests. Third, his argument that the government would have offered a lower sentence if it had learned of the criminal history miscalculation sooner is also speculative and unconvincing. Indeed, the government requested an upward variance at sentencing, which substantially undermines Muhammad's position.

Finally, removing all speculation, the court sentenced Muhammad to 96 months, which is lower than the amount the government offered. Muhammad cannot show prejudice under these circumstances. See Allen, 854 F.3d at 432 (holding that defendant "must demonstrate a substantial likelihood that ... the plea terms would have been less severe under the judgment and sentence that were actually imposed").

As a result, Muhammad's ineffective assistance of counsel claim fails without the need for an evidentiary hearing.

### III. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). As discussed, the court is firmly convinced that Muhammad's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 87] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 18, 2017

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court